File No. 14942-18-33008-B
BRIAN E. CAINE
Law Offices
PARKER McCAY P.A.
9000 Midlantic Drive, Ste 300
P.O. Box 5054
Mt. Laurel, NJ 08054
(856) 596-8900
**Attorneys for Secured Creditor, MTGLQ Investors, LP**

| | |
|---|---|
| IN RE:<br><br>Frank F Kawase<br><br><br><br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER: 13<br><br>CASE NO.  18-13099-CMG<br><br><br><br>Hearing: 6/20/2018 at 10:00 AM |

OBJECTION TO CONFIRMATION OF PLAN PURSUANT TO LOCAL RULE 3015-6, 11 *U.S.C.* SECTION 1322, 1324, AND 1325, *ET SEQ.*

MTGLQ Investors, LP  ("Secured Creditor"), the holder of a mortgage on the real property, located at 38 Benford Drive, Princeton Jct NJ 08550, of the debtor and/or other collateral (if any) as is set forth in Secured Creditor's proof of claim, by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 13 Plan proposed by the debtor in the event that the debtor has failed to make post-petition mortgage payments as required by the proposed plan and/or as required by 11 *U.S.C.* Section 1322 and 1326, *et seq.*

The mortgage is presently being serviced by Rushmore Loan Management Services.

Furthermore, as of the date of the filing of the Petition (2/16/18), the Debtor had mortgage arrears of approximately **$275,563.90.**   However, the plan only has a base of $12,000.00 (60m x $200)

LAW OFFICE
**PARKER McCAY P.A.**

An initial review and estimation has revealed that the Plan contains insufficient funding to cure the arrears. The Chapter 13 Plan does not provide for the Secured Creditor to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. 1325(a)(5)(B)(ii), and as set forth in its proof of claim.

The regular monthly payment is $3,132.23. However, the plan provides for adequate protection payments of only $2,997.12 to "HSBC Bank"

**The plan has an objectionable non-standard provision which says that mortgage payments shall be deferred for two years- without any basis to propose as such.**

> ☒ Explain here:
>
> The arrearages of the first mortgage holder, HSBC Bank USA, will be paid in full outside the Plan by funds provided by the Debtor's son and shall be paid to the first mortgage holder on or before May 1, 2018.
>
> Payments of the first and fifth mortgage holder, New Brunswick Bank, shall be deferred for two (2) years. Once payments have resumed, all payments are to be paid outside the Plan.

It is respectfully submitted that the plan should provide for payments to MTGLQ Investors, LP, or relief from stay should be given.

Further, objection is made to confirmation of the proposed Plan in the event that:

(a) the debtor(s) has/have failed to make all required payments to the Standing Trustee pursuant to 11 U.S.C. Section 1326;

(b) the debtor(s) seek(s) to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is the principal residence of the debtor(s);

(c) the proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith;

(d) the proposed plan does not provide that Secured Creditor retain its lien;

(e) the value of the property to be distributed to Secured Creditor under the plan is less than the allowed amount of its claim;

  (f)  the proposed plan is not feasible;

  (g)  the proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 *U.S.C.* Section 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

           Respectfully submitted,
           Parker McCay P.A.

           /s/BRIAN E. CAINE
           BRIAN E. CAINE

Date: May 7, 2018

LAW OFFICE
**PARKER McCAY P.A.**